UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-00041-JJG-7 |
| NIKQUISA NUNN | ) | |
|         Debtor. | ) | Chapter 7 |
| | ) | |
| NIKQUISA NUNN | ) | |
| | ) | Adv. No. 23-50023 |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAXIMUS EDUCATION, LLC, d/b/a AIDVANTAGE, THE U.S. DEPARTMENT OF EDUCATION, and NAVIENT SOLUTIONS, LLC | ) | |
| | ) | |
|         Defendants. | ) | |

### AMENDED COMPLAINT FOR A DETERMINATION THAT DEBTS ARE DISCHARGEABLE

1.  Now comes Plaintiff Nikquisa Nunn, by and through counsel, and in support of her complaint to determine the dischargeability of student loan debt pursuant to 11 U.S.C. § 523(a)(8), and amending the Complaint filed on March 20, 2023, [Doc. No. 1] pursuant to Fed. R. Civ. P. 15(a)(1) as made applicable by Fed. R. Bankr. P. 7015, states as follows:

### NATURE OF THE ACTION

2.  This is an adversary proceeding in which Plaintiff is seeking a determination that the debts owed to the above-captioned defendants would impose an undue hardship on her, and her dependents, and that the debts are therefore dischargeable under 11 U.S.C. § 523(a)(8) and pursuant to Federal Rule of Bankruptcy Procedure 4007.

**JURISDICTION**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(c)(2).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is related to a bankruptcy case under Chapter 7 that is pending in this district at Case No. 23-00041-JJG-7.

5. This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 4007 and 7001(6).

**PARTIES**

6. Plaintiff is the debtor in this Chapter 7 case.

7. Defendant Navient Solutions, LLC ("Navient") is a Delaware corporation that holds one or more debts against Plaintiff.

8. Defendant Maximus Education, LLC d/b/a Aidvantage ("Aidvantage") is a Delaware corporation that operates as a loan servicer for one or more debts against Plaintiff.

9. Defendant United States Department of Education is an agency of the federal government that holds one or more debts against Plaintiff.

**STATEMENT OF FACTS**

10. On January 6, 2023, ("Petition Date"), Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

11. The Bankruptcy Code discharges debts arising from nonpayment of educational loans if excepting them from discharge imposes an undue hardship on the debtor and the debtor's dependents. 11 U.S.C. § 532(a)(8).

12. To further her education, over the course of nearly two decades, Plaintiff borrowed money in the form of student loans.

13. The U.S. Department of Education holds a debt against Plaintiff in the amount of $162,143.00, which is serviced by and payable to Aidvantage. The loan is currently in forbearance.

14. Navient holds a claim against Plaintiff in the amount of $143,498.00, for student loans. The loan is currently in forbearance.

15. Plaintiff has little or no assets and two dependent children.

16. Plaintiff is employed as a home health aide. Plaintiff is paid by a home health service and earns an average gross monthly salary of $2,000.00.

17. Plaintiff has reduced her expenses to the bare necessities and essentials.

18. Plaintiff is unable to pay off or make further payments toward her student loans.

19. Since initially taking out the student loans, Plaintiff has been unable to afford to pay them. She is unable to afford basic living expenses for her and her dependents and continues to struggle to hold a job where she can earn enough income to provide for her children and sustain a minimal standard of living.

20. Still, Plaintiff has made a good faith effort to repay her loans, which are currently in forbearance.

21. Section 523(a)(8) of the Bankruptcy Code states that "a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt unless . . . excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for an educational benefit

overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution."

22. Based on Plaintiff's viable job prospects and ongoing health challenges, Plaintiff will never be able to repay her student loans.

23. Given Plaintiff's educational history and vocational options, there is no reasonable expectation for a substantial increase in her income.

24. An actual, present, and justifiable controversy has arisen between Plaintiff and the Defendants regarding the dischargeability of Plaintiff's student loans.

25. Plaintiff meets the standard of undue hardship, and her student loans should be discharged.

26. Plaintiff respectfully requests that the Court determine that the Plaintiff's student loan obligations are dischargeable, because excepting this debt from discharge imposes an undue hardship on the Plaintiff and her dependents.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff consents to the entry of a final order or judgment by this Court and respectfully requests that the Court enter a judgment in favor of Plaintiff and against Defendants on the Complaint:

    a. Declaring the loans dischargeable pursuant to section 523(a)(8) of the Bankruptcy Code;

    b. Discharging the student loan debt; and,

    c. Granting such other relief that the Court finds just and proper.

Respectfully submitted,

ICE MILLER LLP

/s/ Alexandria Lundberg
Alexandria Lundberg (37881-49)
Jeffrey A. Hokanson (14579-49)
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
alexandria.lundberg@icemiller.com
jeff.hokanson@icemiller.com

*Attorneys for Plaintiff, Nikquisa Nunn*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Alexandria Lundberg
Alexandria Lundberg

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100

5